IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

vs.

                                    Nos.    CR 10-3461 JCH
                                                    CIV 16-0697 JCH/LF

JOHN ANZURES,

       Defendant/Movant.

**ORDER FOR SUPPLEMENTAL BRIEFING**

THIS MATTER comes before the Court on John Anzures's Motion to Correct Sentence

Pursuant to 28 U.S.C. § 2255. Doc. 40.[1] The Honorable Judith Herrera referred this case to me

to recommend to the Court an ultimate disposition of the case. No. CIV 16-0697 JCH/LF, Doc.

7. The Court believes that a recent published Tenth Circuit opinion—a case not decided when

the briefing was complete—may control the outcome of this case. The Court therefore will

direct the parties to submit simultaneous briefs on how *United States v. Snyder*, 871 F.3d 1122

(10th Cir. 2017) affects this case, as explained below.

**I.      Background Facts and Procedural Posture**

On April 11, 2012, Anzures pled guilty to an indictment that charged him with being a

felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). *See* Docs. 4, 34, 36. The probation officer who prepared Anzures's presentence

report ("PSR") determined that Anzures had three prior violent felony convictions, and therefore

was subject to an enhanced sentence as an armed career criminal under USSG § 4B1.4 and 18

---

[1] Citations to "Doc." are to the document number in the criminal case, case number CR 10-3461
JCH, unless otherwise noted.

U.S.C. § 924(e). PSR ¶ 39. The PSR relied on two prior convictions for aggravated assault with a deadly weapon and a commercial burglary conviction. *Id.* Because Anzures was considered an armed career criminal under 18 U.S.C. § 924(e)(1), he was subject to a mandatory minimum sentence of 180 months in prison, and his guideline imprisonment range was 188 to 235 months in prison, rather than the ten-year maximum sentence that otherwise would have been applicable. *See* PSR ¶¶ 92, 93; 18 U.S.C. § 924(a)(2).

Neither party objected to the PSR. *See* Doc. 38, Doc. 45 at 3. Pursuant to the plea agreement and FED. R. CRIM. P. 11(C)(1)(c), the government and Anzures had agreed that the appropriate sentence was 180 months in prison. Doc. 36 at 3. The Court accepted the plea agreement and imposed a sentence of 180 months. *See* Doc. 45 at 9–10; *see also* Doc. 39 at 2. The Court entered its judgment on July 16, 2012. *See* Doc. 39.

On June 24, 2016, Anzures filed a Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (and *Johnson v. United States*). Doc. 40. The government filed its response on November 16, 2016, Doc. 48, and Anzures filed his reply on March 31, 2017, Doc. 58. The Court also permitted the government to file a surreply, to which Anzures responded on May 12, 2017. *See* Docs. 59-1, 63.

## II.     Anzures's Claims and the Government's Response

Anzures argues that his prior aggravated assault convictions and his prior commercial burglary conviction under New Mexico law no longer qualify as violent felonies under the Armed Career Criminal Act (ACCA), and that his sentence therefore exceeds the statutory maximum sentence. Doc. 40. He argues that because the Supreme Court held in *Johnson* that the ACCA's "residual clause" is unconstitutionally vague, he no longer has three prior felony convictions that qualify as violent felonies under either the "elements clause" or the "enumerated

crimes clause" of the ACCA. *See id.* In response, the government argues that Anzures has at least three prior felony convictions that still qualify as violent felonies under the ACCA. Doc. 48. In addition to Anzures's two prior aggravated assault convictions and his prior commercial burglary conviction, the government also relies on Anzures's prior felony aggravated battery conviction. *See id.*

## III.     The Supreme Court's Decision in *Johnson*

The ACCA provides, in pertinent part, that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"]; or (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated crimes clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"] . . . ." 18 U.S.C. § 924(e)(2)(B). In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court struck down the residual clause as unconstitutionally vague, but it left intact the elements clause and the enumerated crimes clause. The following year the Court held that *Johnson* announced a substantive rule that applied retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Thus, to be entitled to relief under *Johnson*, a defendant must have been sentenced under the residual clause of the ACCA, not the elements clause or the enumerated crimes clause.

**III.     The Tenth Circuit's Decision in *Snyder***

In *Snyder*, the defendant argued—just as Anzures argues here—that his prior burglary

convictions under "cannot sustain the ACCA sentencing enhancement." 871 F.3d at 1128. The

Tenth Circuit determined that this argument "necessarily implies that the district court, in

sentencing Snyder under the ACCA, concluded that his prior burglary convictions fell within the

scope of the ACCA's residual clause," not the enumerated crimes clause. *Id.* The district court

that considered Snyder's 2255 petition "found, as a matter of historical fact, that it did not apply

the ACCA's residual clause in sentencing Snyder under the ACCA," and instead sentenced

Snyder based on the enumerated crimes clause. *Id.*

The Tenth Circuit agreed with the district court that whether Snyder was sentenced under

the residual clause was a finding, but noted that it was a finding that was based largely on legal

conclusions. *Id.* at 1128–29. Thus, the court held that "it may be possible to determine that a

sentencing court did <u>not</u> rely on the residual clause—even when the sentencing record alone is

unclear—by looking to the relevant background legal environment at the time of sentencing."

*Id.* at 1128 (quoting *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017)). Based on this

analysis, the court held that Snyder was not entitled to relief because it was clear, based on the

relevant legal background, that "there would have been little dispute at the time of Snyder's

sentencing that his two Wyoming burglary convictions involving occupied structures fell within

the scope of the ACCA's enumerated crimes clause"—not the residual clause. *Id.*

Here, Anzures was sentenced in April 2012, nearly two years after the Tenth Circuit's

decision in *United States v. Ramon Silva*, 608 F.3d 663 (10th Cir. 2010). In *Ramon Silva*, the

court examined the same New Mexico burglary statute at issue in Anzures's prior commercial

burglary conviction. *See id.* at 665 (examining N.M. STAT. ANN. § 30-16-3). In *Ramon Silva*,

the court held that because New Mexico's burglary statute was broader than generic burglary, it would employ the modified categorical approach to determine the character of the defendant's burglary. 608 F.3d at 665–66. And because the indictment charged the defendant with entering "a structure, a shed," his crime constituted generic burglary. *Id.* at 666. The defendant therefore was subject to the ACCA's enhanced sentencing provisions under the enumerated crimes clause. *Id.* at 668–69.

Although the court in *Snyder* noted that this type of analysis "has since been abrogated by the Supreme Court's decision in *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016)," *Snyder*, 871 F.3d at 1129 n.4, it nonetheless appears it would have been the analysis that the district court would have been required to employ at the time Anzures was sentenced. Thus, the question becomes whether, given the Tenth Circuit's decision in *Ramon Silva*, there is any dispute that when Anzures was sentenced, his prior burglary conviction fell within the scope of the ACCA's enumerated crimes clause, not the residual clause.

The court in *Ramon Silva* also examined the same New Mexico aggravated assault statute at issue in this case. Although the court focused on "'apprehension causing' aggravated assault" under N.M. STAT. ANN. § 30-3-2(A), the court held that this type of aggravated assault "create[d] a commensurate threat of physical force such that the crime qualifies as a violent felony under the ACCA." *Ramon Silva*, 608 F.3d at 670, 672. The court further held that "[p]urposefully threatening or engaging in menacing conduct toward a victim, with a weapon capable of causing death or great bodily harm, threatens the use of force capable of causing physical pain or injury," and "would always include as an element the threatened use of violent force." *Id.* at 672 (internal quotation marks omitted). This holding similarly raises the question whether, given the

*Ramon Silva* decision, there is any dispute that when Azures was sentenced, his prior aggravated assault conviction fell within the scope of the ACCA's elements clause, not the residual clause.

## IV.     Supplemental Briefing

IT IS THEREFORE ORDERED that the parties shall submit supplemental briefs, not to exceed ten pages, that address the effect of the Tenth Circuit's decision in *United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017), on this case.  Specifically, the parties should address whether, given the relevant legal background at the time Anzures was sentenced, it is possible to determine that the district court did not rely on the residual clause in sentencing Anzures.  The parties shall file their simultaneous supplemental briefs no later than November 10, 2017.


_____
Laura Fashing
United States Magistrate Judge